UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RONALD BORDEAUX, JR.,

        Plaintiff,                                 Case No. 1:16-cv-218

v.                                                     Honorable Janet T. Neff

MDOC,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed on grounds of immunity and failure to state a claim.

## Factual Allegations

Plaintiff is incarcerated in the Lakeland Correctional Facility. Plaintiff is serving a sentence of eighteen months to five years imposed by the Kent County Circuit Court on June 25, 2016, after he pleaded guilty to Domestic Violence, third offense, MICH. COMP. LAWS §§ 750.814,

769.10.  (*See* Judgment of Sentence, ECF No. 1-1, PageID.15.)  In his *pro se* complaint, Plaintiff sues the "MDOC/State of Michigan."

While his allegations are somewhat vague, Plaintiff appears to claim that the parole board and Michigan Department of Corrections (MDOC) officials at the Charles Egeler Guidance and Reception Center made program recommendations for him that are "unbearable and uncalled for" because they are based upon false and inaccurate information contained in the pre-sentence investigation report.  (Compl., ECF No. 1, PageID.4.)  Plaintiff further claims that he scored as a level I prisoner, but was placed at level II.  He maintains that if he had been placed at his true security level, he would not have had program requirements because they are not offered at level I facilities.  Plaintiff also contends that Defendant has failed to provide proper treatment and accommodation for his chronic illness, physical disabilities and pain.  As a result of his infirmities, Plaintiff claims that he is unable to concentrate or stay focused on program work. Plaintiff asserts that because he is physically and mentally unable to complete the recommended programming, he will be held in prison beyond his earliest release date in violation of his due process rights.

For relief, Plaintiff seeks to be released at his earliest release date.  In addition, he seeks compensation "for [his] pain [and] suffering, mental stress, emotional abuse, [and for] insulting his integrity [and his] time spent in prison."  (Compl., ECF No. 1, PageID.4.)

## Discussion

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  Therefore, to the extent that Plaintiff seeks release on parole

at his earliest release date, it must be dismissed. *See Dotson v Wilkinson*, 300 F.3d 661, 665 (6th Cir. 2002) ("Clearly, the decision to grant a prisoner parole affects the duration of that prisoner's sentence, and a challenge to the decision is not cognizable under § 1983."); *Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)). Accordingly, Plaintiff's claims concerning his denial of parole fail to state a claim upon which relief may be granted.

Furthermore, Plaintiff may not maintain a § 1983 action against the State of Michigan or the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of

Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).  Therefore, the MDOC must be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed on grounds of immunity and failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: March 24, 2016                             /s/ Janet T. Neff
                                                                             Janet T. Neff
                                                                             United States District Judge